UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH ALLEN, *et al.*,

    *Plaintiffs,*

v.

DISTRICT OF COLUMBIA,

    *Defendant.*

Case No. 00-cv-591 (RCL)

## MEMORANDUM OPINION

This case comes before the Court on plaintiffs' motion for an award of attorney's fees and costs (ECF No. 148). Specifically, plaintiffs seek fees-on-fees incurred during the period between June 27, 2017 and October 17, 2018 ("the relevant period"). ECF No. 148. For the reasons provided below, the Court will **GRANT IN PART** and **DENY IN PART** plaintiffs' motion (ECF No. 148). Plaintiffs are entitled to fees-on-fees incurred during the relevant period only with respect to work performed on motions that this Court granted. During that time, plaintiffs succeeded on one of the five motions litigated: plaintiffs' first motion for fees-on-fees (ECF No. 118). Accordingly, plaintiffs may recover fees-on-fees for work performed on that motion but may not recover fees-on-fees for any other fee disputes litigated during the relevant period.

## I. BACKGROUND

### A.   The Underlying Action

The facts and procedural history of this twenty-plus year litigation are fully detailed in the Court's June 16, 2017 and August 18, 2015 Memorandum Opinions. *See Allen v. District of Columbia (Allen II)*, 263 F. Supp. 3d 14 (D.D.C. 2017); *Allen v. District of Columbia (Allen I)*,

1

128 F. Supp. 3d 74 (D.D.C. 2015). The Court will thus recount only the facts necessary to contextualize and resolve the present motion.

Under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, states and territories that receive federal education funding must provide disabled children with a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). If they fail to do so, the parent of a disabled child can file an administrative complaint or sue in federal court. *Id.* § 1415(b)(6), (i)(2)–(3). Plaintiff Wanda Gertrude Allen did just that. In March 2000, after an unsuccessful administrative proceeding, Allen sued the District of Columbia ("the District") in federal court on behalf of her minor son alleging violations of the IDEA. ECF No. 1. The Court granted summary judgment for Allen. ECF No. 22.

Resolving the merits of this case was just the tip of the iceberg. Under the IDEA, the Court may award reasonable attorney's fees to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). So Allen moved to recover attorney's fees incurred while litigating the judicial and administrative proceedings. *See* ECF No. 29 at 2. Though the District did not challenge Allen's entitlement to fees, it hotly contested the amount of fees and costs requested. *See id.* at 2–3. The Court agreed that Allen was entitled to attorney's fees as a prevailing party and awarded her $40,635.50. ECF No. 29 (June 4, 2001 Memorandum Opinion).

**B.    Attorney's Fees Litigation**

Thirteen years later, Allen moved to compel payment of outstanding fees. ECF No. 36. She also filed a consent motion to consolidate her case with ten other substantially similar IDEA cases for the purpose of calculating attorney's fees. ECF No. 38. The Court consolidated the cases. ECF

No. 44. It then ordered the District to pay any outstanding fees up to the statutory cap of $4,000 per proceeding.[1] *Allen I*, 128 F. Supp. 3d at 85.

To calculate the outstanding fees, the Court referred the matter to Magistrate Judge G. Michael Harvey. *See* ECF No. 96. After considering Magistrate Judge Harvey's Report and Recommendation, ECF No. 96, the Court ordered the District to pay $219,913 in outstanding fees. *Allen II*, 263 F. Supp. 3d at 46. It also awarded over $1.4 million in post-judgment interest, which it calculated based on the uncapped fees. *Id.*

Neither party was satisfied. In the months that followed the Court's ruling in *Allen II*, the parties continued to litigate the amount of fees and costs owed. Plaintiffs filed motions seeking: (1) attorney's fees incurred while pursuing fees from June 2015 to June 2017 ("plaintiffs' first motion for fees-on-fees"), ECF No. 118, (2) to alter the award of post-judgment interest in *Allen II*, ECF No. 121, and (3) to compel the District to pay fees up to the $4,000 statutory cap for both judicial and administrative proceedings, ECF No. 141. The District also moved to alter the Court's award of post-judgment interest in *Allen II*, ECF No. 122. It argued in part that the Court erred when it awarded post-judgment interest on uncapped fees. *Id.* Instead, the District argued, the Court should have awarded post-judgment interest only on capped fees. *Id.* Finally, the District moved to stay execution of the post-judgment interest award in *Allen II* pending the outcome of outstanding motions and any subsequent appeals. ECF No. 123.

The Court granted plaintiffs' first motion for fees-on-fees. *Allen v. District of Columbia (Allen III)*, 00-cv-591, 2018 WL 4901074, *1 (D.D.C. Oct. 9, 2018). But it declined to revisit the amount of post-judgment interest awarded. *Id.* at *3. And it refused to effectively double the fee cap for plaintiffs who brought an administrative proceeding and an action in federal court. *Id.* The

---

[1] For a detailed discussion of the statutory fee cap, *see Allen I*, 128 F. Supp. 3d at 77–80. The specifics of the fee cap are not relevant to the present motion so the Court need not recount them here.

3

Court also granted the District's motion to stay execution of its award of post-judgment interest in *Allen II*. ECF No. 133.

On October 17, 2017, plaintiffs filed the motion presently before the Court, ECF No. 148. In it, plaintiffs seek attorney's fees and costs incurred during the year and change that they further litigated fees after the Court's decision in *Allen II* (between June 27, 2017 and October 17, 2018). ECF No. 148. The District responded, resting on the objections it raised in earlier filings opposing plaintiffs' request for fees. ECF No. 149. Plaintiffs timely replied. ECF No. 150.

### C.    Appeal & Remand

Before the Court could rule on plaintiff's second motion for fees-on-fees, ECF No. 148, the District appealed the Court's decision in *Allen II* not to revisit the amount of post-judgment interest awarded. ECF No. 151. On appeal, the D.C. Circuit agreed with the District. *Allen v. District of Columbia (Allen IV)*, 969 F.3d 397, 404 (D.C. Cir. 2020). It held that the District "cannot be compelled to pay interest on the portion of fee awards that it has been legally prohibited from paying off." *Id.* Accordingly, the D.C. Circuit reversed this Court's ruling in *Allen II* requiring the District to pay post-judgment interest on uncapped fees. *Id.* at 406. It affirmed the judgment in *Allen II* all other respects and remanded to this Court. *Id.*

Now that the mandate has issued, plaintiffs second motion for fees-on-fees (ECF No. 148) is again ripe.[2]

## II. LEGAL STANDARD

Under the IDEA, the Court may award reasonable attorney's fees as part of the costs to "a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). If the Court awards a "prevailing party" attorney's fees, then that party is also entitled to fees for

---

[2] The Court has also requested that Magistrate Judge Harvey recalculate the amount of post-judgment interest owed to plaintiffs in accordance with the D.C. Circuit's decision in *Allen IV*. ECF No. 157.

4

time spent "reasonably devoted to obtaining attorney's fees." *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006). Courts refer to this award as "fees-on-fees." *See id.*

When determining whether a party is entitled to fees-on-fees, the Court considers the results obtained in the party's underlying fee request. *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 n.10 (1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Thus, if a party's underlying request for fees was unsuccessful, the party is not entitled to fees-on-fees for the time spent litigating that underlying request. *Id.*

If the Court finds that a party is entitled to fees-on-fees, it then must decide what amount is reasonable. The following rules govern that calculation: First, a fee award under the IDEA "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Second, the Court may not use a bonus or multiplier; any fees awarded under the IDEA must compensate the plaintiff only for the actual cost. *Id.* Third, the fee application must be "sufficiently detailed" to permit the Court to "make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). Finally, as the party seeking fees-on-fees, plaintiffs bear the burden of showing the reasonableness of their request. *See Eley v. District of Columbia*, 793 F.3d 97, 104 (D.C. Cir. 2015).

## III. DISCUSSION

The Court has already decided that plaintiffs are "prevailing part[ies]" entitled to attorney's fees under the IDEA. *Allen I*, 128 F. Supp. 3d at 85; *Allen II*, 263 F. Supp 3d at 35; *Allen III*, 2018 WL 4901074, at *4. Thus, the Court need only decide whether plaintiffs are entitled to the fees-on-fees requested in the present motion, ECF No. 148. If so, the Court must also decide whether the hours and rate requested are reasonable. *See Eley*, 793 F.3d at 100. For the reasons provided

below, the Court finds that plaintiffs are eligible to collect fees-on-fees for the relevant period only with respect to work performed on plaintiffs' first motion for fees-on-fees, ECF No. 118. Plaintiffs' attorney's timesheets indicate a total of 11.87 hours of work performed on that motion. *See* ECF Nos. 148-1 & 148-2. Based on reasonable hourly rates set by the U.S. Attorney's Office Fees Matrix, the Court finds that plaintiffs are entitled to $5,207.82 in attorney's fees and $0 in costs.

A.   **Fees & Costs Requested**

In the present motion, plaintiffs seek attorney's fees and costs incurred between June 27, 2017 and October 17, 2018. ECF No. 148. During that time, plaintiffs litigated the following motions: (1) plaintiffs' first motion for fees-on-fees, ECF No. 118, (2) plaintiffs' motion to alter the Court's award of post-judgment interest in *Allen II*, ECF No. 121, (3) the District's motion to alter the same, ECF No. 122, (4) the District's motion to stay execution of the Court's award of post-judgment interest in *Allen II*, ECF No. 123, and (5) plaintiffs' motion to compel payment up to the $4,000 statutory fee cap for both judicial and administrative proceedings, ECF No. 141.

Plaintiffs submitted timesheets for work performed by attorneys Ronald L. Drake and Michael Murali during this time. *See* ECF Nos. 148-1 & 148-2. Mr. Drake lists 205.8 hours of work at the U.S. Attorney's Office ("USAO") Fees Matrix rate of $602 per hour. ECF No. 148 at 2. He also claims $132.50 in costs. ECF No. 148-2. Mr. Murali lists 50.25 hours of work at the USAO Fees Matrix rate of $346. ECF No. 148-1 at 2. This brings the total amount requested to $141,278.10 in attorney's fees plus $132.50 in costs.

Complicating the task at hand, neither attorney organized their timesheet entries by the motions listed above. *See* ECF Nos. 148-1 & 148-2. Instead, they provide a chronological accounting with short-hand notes on the task performed and the hours spent on each task. *Id.* Both attorneys did, however, deduct hours spent on plaintiffs' motion to compel, ECF No. 141, from

their total hours because the Court denied that motion. ECF Nos. 148-1 & 148-2; *see Allen III*, 2018 WL 4901074, at *3. Mr. Drake also subtracted the time spent preparing for an anticipated oral argument that did not occur. ECF No. 148-2 at 1. Other than those deductions, plaintiffs seek fees for all work performed during the relevant period.

**B.      Plaintiffs' Eligibility for Attorney's Fees and Costs Incurred During the Relevant Period**

As a threshold matter, the Court refuses to treat all work performed during the relevant period the same. As plaintiffs acknowledge, they "prevailed in part and did not prevail in part" on the motions litigated during this time. ECF No. 148 at 1. Despite their partial success, plaintiffs argue that "the time devoted to the different issues . . . was inextricably interwoven as to be compensable in full." *Id.* True, each of the motions litigated during this time involved the overarching issue of attorney's fees.

But when it comes to assessing plaintiffs' fee request, the Court will not paint with so broad a brush. At issue in plaintiffs' first motion for fees-on-fees, ECF No. 118, was whether plaintiffs can recover costs associated with PACER and whether the requested hourly rate and total hours were appropriate. *See* ECF No. 136 at 6–12 (District's opposition), ECF No. 137 (plaintiffs' reply), ECF No. 147 (District's sur-reply). Conversely, the other motions litigated during the relevant period addressed wholly separate issues. There, the parties litigated the amount of post-judgment interest awarded in *Allen II*, the method of calculating post-judgment interest, and whether the Court should stay execution of the post-judgment interest award in *Allen II*. *See* ECF Nos. 121–128. Contrary to plaintiffs' assertion, these questions are not "inextricably interwoven." ECF No. 148 at 1. Because these motions addressed separate issues, the Court must consider plaintiffs' fee petition on a motion-by-motion basis.

7

Whether plaintiffs are eligible for fees-on-fees depends on the outcome of the underlying fee request. *See Comm'r, INS*, 496 U.S. at 163 n.10. Plaintiffs concede that they are not entitled to fees-on-fees for work on their unsuccessful motion to compel, ECF No. 141. *See* ECF No. 148. The Court will address the other four motions in turn. Again, these include: (i) plaintiffs' first motion for fees-on-fees, ECF No. 118, (ii) plaintiffs' motion to alter the Court's award of post-judgment interest in *Allen II*, ECF No. 121, (iii) the District's motion to alter the same, ECF No. 122, and (iv) the District's motion to stay execution of the Court's post-judgment interest award in *Allen II*, ECF No. 123.

    i.   *Plaintiffs' First Fees-on-Fees Motion (ECF No. 118)*

The Court finds that plaintiffs are entitled to recover fees and costs for work performed on their first fees-on-fees motion, ECF No. 118. The Court granted that motion, awarding plaintiffs a total of $324,277.78 in fees and costs. *Allen III*, 2018 WL 4901074, at *1. And when a party obtains a favorable ruling on an application for fees, the party is entitled to reimbursement for the time reasonably spent pursuing that award. *Kaseman*, 444 F.3d at 640.

To be sure, the Court recognizes that the present motion is plaintiffs' second motion for fees-on-fees. One might call it a request for "fees-on-fees-on-fees." But the fact that this is plaintiffs' second request does not necessarily make it improper. Instead, the Court focuses on whether the underlying fee request was successful. *See Comm'r, INS*, 496 U.S. at 163 n.10. Because the Court granted plaintiffs' first fees-on-fees motion, *Allen III*, 2018 WL 4901074, at *1, plaintiffs are entitled to reimbursement for the time spent litigating it.

    ii.   *All Other Motions Litigated During the Relevant Period*

Plaintiffs cannot boast the same success on the other three motions litigated during the relevant period. First, the Court rejected plaintiffs' motion to alter the Court's award of post-

judgment interest in *Allen II*, ECF No. 121. *Allen III*, 2018 WL 4901074, at *3. And in granting the District's motion to stay execution of the interest award in *Allen II*, the Court rejected plaintiffs' opposition. ECF No. 133. Plaintiffs thus cannot recover fees-on-fees for work performed on these two motions. *See Comm'r, INS*, 496 U.S. at 163 n.10.

Plaintiffs' opposition to the District's motion to alter the Court's post-judgment interest award in *Allen II* likewise proved unsuccessful. In the District's motion, it asked the Court to calculate post-judgment interest based on *capped* fees. ECF No. 122. Plaintiffs opposed the motion, arguing in part that the Court properly calculated the amount of post-judgment interest based on *uncapped* fees. ECF No. 124. The Court rejected the District's motion and stood by its decision to calculate post-judgment interest on uncapped fees. *Allen III*, 2018 WL 4901074, at *3. So far so good for plaintiffs.

On appeal, however, the D.C. Circuit reversed. *Allen IV*, 969 F.3d at 404. It held that the District "cannot be compelled to pay interest on the portion of fee awards that it has been legally prohibited from paying off." *Id.* Thus, plaintiffs ultimately did not prevail on their position that they are entitled to post-judgment interest on uncapped fees. This means they cannot collect attorney's fees for their work defending that position. *See Comm'r, INS*, 496 U.S. at 163 n.10.

In sum, the Court finds that plaintiffs are entitled to fees-on-fees only for the work performed on plaintiffs' first fees-on-fees motion, ECF No. 118.

**C.     Reasonableness of the Hours and Rates Requested**

As plaintiffs are entitled to fees-on-fees for time spent litigating their first fees-on-fees motion, ECF No. 118, the Court must next identify the hours "reasonably expended" litigating that motion and determine a "reasonable hourly rate." *Eley*, 793 F.3d at 100 (quoting *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1517 (D.C. Cir. 1988) (en banc)).

*i.  Hours Requested*

A fee application must be "sufficiently detailed" to permit the Court to "make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. When an entry is unclear, the Court will not give plaintiffs the benefit of the doubt. As the party seeking fees, plaintiffs bear the burden of showing the reasonableness of their request. *Eley*, 793 F.3d at 104.

a.  Mr. Drake

The shorthand descriptions accompanying most of Mr. Drake's entries are too vague for the Court to determine whether those entries pertain to work performed on plaintiffs' first fees-on-fees motion. *See* ECF No. 148-2. For example, a handful of Mr. Drake's entries list time spent "drafting reply" or "revising reply" yet give no indication of *which* reply. *See* ECF No. 148-2 at 24–25. Other entries list "phone call with [Mr. Murali]" but give no information about the subject matter of the call. *See id.* at 24. Without sufficient detail, the Court cannot decide whether these hours claimed are reasonable. *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327.

After weeding through thirty-one pages of Mr. Drake's timesheets, the Court can identify only fourteen entries that clearly pertain to plaintiffs' first fees-on-fees motion. The first entry is dated June 27, 2017 (the day plaintiffs filed their first fees-on-fees motion) and reads: "Phone conference w/ [Mr. Murali] Re: Final editing and revision of motions for fees." ECF No. 148-2 at 30. Mr. Drake spent 0.2 hours on this task. Additionally, Mr. Drake provided thirteen entries mentioning work on a "sur-reply." *See* ECF No. 148-2 at 13–15.[3] The only sur-reply filed during the relevant period was the District's sur-reply opposing plaintiffs' first motion for fees-on-fees.

---

[3] Labeling the first entry on each page of ECF No. 148-2 (Mr. Drake's timesheets) as No. 1 and counting each date as a new entry, these entries include entry No. 20 on p. 13, Nos. 11, 15–18, and 22 on p. 14, and Nos. 3–7 on p. 15.

*See* ECF No. 147. Thus, the Court finds that Mr. Drake's entries explicitly referencing the surreply pertain to time spent litigating plaintiffs' first fees-on-fees motion. The thirteen sur-reply entries add up to 4.1 hours. *See* ECF No. 148-2 at 13–15. Combined with Mr. Drake's 0.2 hours for the June 27, 2017 entry, this brings Mr. Drake's total to 4.3 hours. The Court finds this time litigating plaintiffs' first fees-on-fees motion to be "reasonably expended." *Eley*, 793 F.3d at 100. Thus, plaintiffs are entitled to reimbursement for these hours.

### b. Mr. Murali

Mr. Murali's timesheet is much clearer. The Court can identify twenty-two entries that refer to work performed on plaintiffs' first fees-on-fees motion.[4] *See* ECF No. 148-1. Those entries add up to a total of 7.57 hours. *See id.* As the Court finds these hours to be "reasonably expended," *Eley*, 793 F.3d at 100, plaintiffs are entitled to reimbursement for this time.

### ii. *Reasonable Rate*

A fee award under the IDEA "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Because the Court has already decided that the hourly rates set by the USAO Fee Matrix are reasonable for this litigation, it need not revisit the issue. *See Allen III*, 2018 WL 4901074, at *2. The Court will thus look to the USAO Fee Matrix to set a reasonable rate for each attorney.

---

[4] Beginning with Mr. Murali's first entry (and labeling that entry as No. 1) the Court includes the following entries in its calculation: No. 1 & Nos. 22–41. *See* ECF No. 148-1. Eleven of those entries explicitly include the term "fees on fees." *See* ECF No. 148-1. One references the "settlement deadline pass and next steps," which, in context with the other entries, clearly refers to the parties' settlement discussions regarding fees on fees. *See id.* Finally, the remaining ten entries describe work related to a "sur-reply." *See id.* As explained above, the only sur-reply filed during the relevant period was the District's sur-reply in opposition to plaintiffs' first motion for fees-on-fees. *See* ECF No. 147. Thus, each of these entries clearly pertain to plaintiffs' first motion for fees-on-fees.

11

The USAO Matrix sets an hourly rate depending on the attorney's years of experience. *See* U.S. Dep't of Justice, USAO Attorney's Fees Matrix – 2015-2020, https://www.justice.gov/usao-dc/page/file/1189846/download (hereinafter "USAO Fees Matrix"). From June to October 2017, when plaintiffs litigated their first fees-on-fees motion, Mr. Drake had been practicing law for over fifty years. ECF No. 148 at 2. Thus, based on the USAO Matrix rate for work performed between June 1, 2017 to May 31, 2018, Mr. Drake is entitled to an hourly rate of $602. *See* USAO Fees Matrix. Mr. Murali is entitled to an hourly rate of $346 per hour, as he had been practicing law for four years when he litigated plaintiffs' first fees-on-fees motion.[5] *See* ECF No. 148 at 2; USAO Fees Matrix.

Based on these hourly rates, the Court finds as follows: plaintiffs are entitled to $2,588.60 ($602 * 4.3 hours) for Mr. Drake's work and $2,619.22 ($346 * 7.57 hours) for Mr. Murali's work on plaintiffs' first fees-on-fees motion, ECF No. 118. Plaintiffs are therefore entitled to a total of $5,207.82 in attorney's fees and no costs.[6]

## IV. CONCLUSION

In sum, for the reasons explained above, the Court will **GRANT IN PART** and **DENY IN PART** plaintiffs' motion for an award of attorney's fees and costs (ECF No. 148). Plaintiffs are entitled to fees-on-fees for the period between June 27, 2017 and October 17, 2018 only for work performed on plaintiffs' first fees-on-fees motion (ECF No. 118). Based on the reasonable time

---

[5] As instructed by the USAO Fees Matrix, an attorney's experience is typically "calculated starting from the attorney's graduation from law school." USAO Fees Matrix, exp. n.5. Mr. Murali graduated law school "on or about May 12, 2013." ECF No. 148-1 at 2. Thus, by June 2017, Mr. Murali had four years of experience under his belt.

[6] Mr. Drake requests $132.30 in costs for "Transcript (9-2-16)." ECF No. 148-2 at 2. He dates the entry as related to August 1, 2017 but provides no other information identifying the transcript or describing the purpose for which it was used. *See id.* Because this request is not clearly marked as a cost incurred for work on plaintiffs' first motion for fees-on-fees, the Court finds that plaintiffs are not entitled to this amount. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327.

12

spent and reasonable hourly rate described above, the Court will order the District to pay plaintiffs $5,207.82 in attorney's fees and $0 in costs.

    A separate Order shall accompany this Memorandum Opinion.

Date: October 7, 2020

*Royce C. Lamberth*
Hon. Royce C. Lamberth
United States District Judge